**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Case No. CR-06-136-M |
| ) | |
| MICHAEL DEWAYNE MAYTUBBY,    ) | |
| DEONNA SHONTAY BROOKS,    ) | |
| ) | |
| Defendants.    ) | |

**ORDER**

Before the Court are defendant Michael Dewayne Maytubby's ("Maytubby") Motion to Strike Alias Name and "Gang Related" Statements from the Indictment, defendant Deonna Shontay Brooks' ("Brooks") Motion to Strike Alias, and Brooks' Motion in Limine Re: Gang Affiliation Evidence.[1]  The government has filed its responses.

Maytubby and Brooks were indicted along with two other individuals in an eleven count indictment. Count 1 charges Maytubby and Brooks with conspiracy to distribute and to possess with intent to distribute crack cocaine, powder cocaine, marijuana, and ecstasy. Count 2 charges Maytubby and Brooks with maintaining a residence for purposes of distributing narcotics. Counts 3 through 11 charge Maytubby with various drug and firearm offenses, and Counts 6 through 11 charge Brooks with various drug and firearm offenses.

I.    Motions to Strike Alias

Maytubby and Brooks move the Court to strike all references to the alias names attributed to them in the Indictment and in any pleadings that might be presented to the jury. Maytubby asserts

---

[1] Brooks has also filed a Motion in Limine Re: Alleged Gang-Related "Shootout." The Court will address this motion in limine during the pretrial conference.

that there is no need or basis to use the alias for an identification of him. Brooks asserts that the use of the alias is unfairly prejudicial and is unnecessary to properly identify her. In its response, the government states that all witnesses to Maytubby's alleged criminal acts know him by at least one of his aliases and that most, if not all, witnesses the government intends to present know Brooks by her alias.

Because there will be testimony that Maytubby and Brooks used their aliases during the alleged commission of the crimes at issue, the Court finds that these aliases are relevant. *See United States v. Skolek*, 474 F.2d 582, 586 (10th Cir. 1973) (finding use of alias was permissible where there was testimony that defendant had used such a name). Additionally, the Court finds that the use of the aliases is not unduly prejudicial; there is nothing inherently prejudicial about Maytubby's aliases "Tecc Loc" and "Tecc" or Brooks' alias "NaNa."

Accordingly, the Court finds that the motions to strike should be denied.

II.    Gang Affiliation Evidence

Maytubby moves the Court to strike all "gang related" statements concerning the "Playboy Gangster Crips" from the Indictment. Brooks moves the Court to prohibit the government from introducing any evidence or from commenting in opening statement or closing argument that defendants are members or associates of the "Playboy Gangster Crips." In its response, the government asserts that evidence of gang affiliation and statements thereon are relevant and admissible.

In Count 1 of the Indictment, it is alleged that Brooks, Maytubby, and the other defendants are members and/or associates of the Playboy Gangster Crips. Specifically, as part of the manner and means of the alleged drug conspiracy, the Indictment states:

> During the course of the conspiracy, Maytubby, Brooks, Doddles, and Edwards associated with one another and others known and unknown members and/or associates of the gang known as the "Playboy Gangster Crips" or the "PBC's." One of the purposes of conspirators' membership and/or association with the Playboy Gangster Crips was to facilitate their drug trafficking activity by providing a network of individuals to accomplish the means and acts set forth below.

Indictment at 2.

Having carefully reviewed the parties' submissions, as well as the Indictment, the Court finds that gang affiliation evidence is relevant to the issue of the existence of a conspiracy and is relevant to show the basis of the relationship between defendants and witnesses who allegedly participated in the drug distribution operation. *See United States v. Brown*, 200 F.3d 700, 708 (10th Cir. 1999) (holding gang affiliation evidence relevant to show existence of conspiracy and relationship between third party and defendants); *United States v. Sloan*, 65 F.3d 149, 151 (10th Cir. 1995) (holding "gang activity" evidence admissible "to prove the existence of a conspiracy and to show the basis of the relationship between the defendant and witnesses who participated in the drug distribution operation."). Additionally, the Court finds that the probative value of such gang affiliation evidence is not substantially outweighed by the danger of unfair prejudice.

Accordingly, the Court finds that Maytubby's motion to strike such evidence and Brooks' motion in limine regarding such evidence should be denied.

III.   Conclusion

For the reasons set forth above, the Court DENIES Maytubby's Motion to Strike Alias Name and "Gang Related" Statements from the Indictment [docket no. 84], DENIES Brooks' Motion to

Strike Alias [docket no. 72], and DENIES Brooks' Motion in Limine Re: Gang Affiliation Evidence [docket no. 73].

**IT IS SO ORDERED this 2nd day of October, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE