**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-06-136-M |
| ) | |
| MICHAEL DEWAYNE MAYTUBBY, ) | |
| and DEONNA SHONTAY BROOKS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the government's Motion to Reconsider, filed September 28, 2006. The government moves this Court to reconsider its ruling granting defendants' motions to suppress evidence from the July 6, 2005 search, and particularly that portion suppressing the evidence discovered as a result of the search warrant. Specifically, the government requests:

> that this Court reconsider and re-examine precedent governing three areas: 1) precedent which requires the Court to examine the affidavit in support of the search warrant for probable cause after excising any portions determined to be tainted by illegality; 2) precedent which holds that the smell of marijuana emanating from the house is not subject to excision and should be considered by the Court when making it's [sic] probable cause determination; and 3) the smell of marijuana emanating from the house, in conjunction with the other items listed, is sufficient to support probable cause to issue the warrant in question.

Motion to Reconsider at 3.

Having carefully reviewed the government's motion and the cases cited therein, the Court finds no basis to reconsider its order granting defendants' motions to suppress. While this Court is no longer "skeptical" regarding the appropriateness of the government's proposed analysis,[1] the

---

[1] Having reviewed the case law, the Court finds that it is appropriate to examine the affidavit in support of the search warrant for probable cause after excising any portions determined to be

Court finds that its determination not to consider the odor of marijuana the officers smelled when they were at the door for the "knock and talk" is correct and not contrary to the law. "An affidavit containing erroneous or unconstitutionally obtained information invalidates a warrant if that information was critical to establishing probable cause. If, however, the affidavit contained sufficient accurate or untainted evidence, the warrant is nevertheless valid." *United States v. Snow*, 919 F.2d 1458, 1460 (10th Cir. 1990). As set forth in detail in the Court's September 15, 2006 Order, under the circumstances in this case, the "knock and talk" was unreasonable and was used to manipulate the circumstances to create an exigent circumstance. The Court, thus, finds that the evidence of the odor of marijuana the officers smelled when they were at the door for the "knock and talk" is tainted and cannot be considered when determining whether there was probable cause to support the issuance of the warrant.

Accordingly, the Court DENIES the government's Motion to Reconsider [docket no. 143].

**IT IS SO ORDERED this 4th day of October, 2006.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

tainted by illegality.