# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-06-136-M |
| | ) | |
| MICHAEL D. MAYTUBBY, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |

## ORDER

Before the Court is defendant-petitioner Michael D. Maytubby's ("Maytubby") Motion Pursuant to the Federal Rules of Civil Procedure 60(b)(4) & (6), filed April 4, 2014. In his motion, Maytubby seeks to reopen his motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 based upon the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

The Court must first determine whether Maytubby's Rule 60(b) motion is a "true" Rule 60(b) motion or a second or successive § 2255 motion in the guise of a Rule 60(b) motion. If it is a true Rule 60(b) motion, this Court will address its merits. However, if Maytubby's motion should be treated as a second or successive § 2255 motion, this Court cannot address its merits because a "second or successive § 2255 motion cannot be filed in district court without approval by a panel of [the Tenth Circuit]." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

"It is the relief sought, not [a] pleading's title, that determines whether the pleading is a § 2255 motion." *Id.* at 1149. A motion that argues "a subsequent change in substantive law is a reason justifying relief from the previous denial of a claim" should be treated as a successive habeas motion. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (quotation omitted). Maytubby's Rule 60(b) motion is expressly based on "an intervening change in the law." He cites the Supreme Court's decision in *Alleyne*, which held that "any fact that increases the mandatory minimum is an 'element'

that must be submitted to the jury," 133 S. Ct. at 2155, and argues that the leadership enhancement that increased his sentencing range was an element of his offense and should have been alleged in the indictment and found by a jury beyond a reasonable doubt.  The Court finds that under *Gonzalez*, such a claim cannot be made in a true Rule 60(b) motion, and Maytubby's motion, therefore, is a second or successive § 2255 motion.

Maytubby, however, has not obtained authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2255 motion.  The Court concludes, in the interest of justice, that the matter should be transferred to the appellate court.

**IT IS SO ORDERED this 1st day of May, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE